## The Gramatan National Bank and Trust Company v Catrone et ux.

Before Valentine, P. J., Lewis and Pinola, JJ.

*George J. Puhak,* for defendants.

PINOLA, J., April 29, 1948.—Plaintiff, a New York corporation, entered judgment by confession against defendants in the County of Philadelphia and issued a writ of testatum fi. fa. The writ was lodged with the prothonotary of our county by Wexler & Weisman, attorneys of Philadelphia. The sheriff, in pursuance of his duty under the Act of June 16, 1836, P. L. 755, sec. 78, 12 PS §2633, delivered it to the prothonotary on December 11, 1947, and he, as required by section 79 of the said act, 12 PS §2634, entered it in the docket and redelivered it to the sheriff for execution.

On December 31st defendants obtained a rule to show cause why the judgment should not be stricken off, because plaintiff had failed to enter its appearance in the prothonotary's office of Luzerne County, as required by the Act of March 27, 1945, P. L. 83, sec. 2, 12 PS §914.

Plaintiff bank filed an answer to the rule which did not bear the endorsement of any attorney's name. In that answer it averred that it did comply with the act.

The section of the act in question provides:

"Whenever a judgment is confessed or entered in any court of common pleas on any instrument in writing set forth in section one of this act, and a testatum writ of fieri facias is directed to the sheriff of any other county than that of the court in which it is confessed or entered, the plaintiff *shall enter his appearance* in the prothonotary's office of such other county, whose sheriff is directed to issue execution thereon, *giving an address within that county where all papers may be served on him.* When the defendant has a defense to such judgment he may file his petition to open the same either in the court where the judgment is originally entered or in the court of the county whose sheriff is directed to issue execution thereon." (Italics supplied.)

Plaintiff avers compliance with this section by virtue of a præcipe directed to the prothonotary in the following language:

"Enter the appearance of the plaintiff in the above matter with its address c/o Prothonotary of Luzerne County, Wilkes-Barre, Penna.

The Gramatan National Bank
& Trust Company
By Morris M. Wexler,
Attorney-in-Fact."

We observe that the attorney-in-fact is Morris M. Wexler, one of the firm of attorneys which sent the writ to the sheriff. These attorneys were aware of the fact that the argument would be had during the week of April 5th, but they did not appear either in person or by local counsel on Monday, April 5th, the day on which the case was listed for argument. On April 7th they sent a letter to President Judge Val-

entine containing a brief, both of which were received by him on April 8th.

It is an unwritten rule of our court that we will not permit cases to be submitted on briefs; we insist that argument be had. Counsel for defendants was present and he was heard. No one appeared for plaintiff.

We are aware that banking is now being done by mail, but this is the first time that we have heard of law being practiced by mail and we decline to approve that kind of practice, and therefore, we must ignore the communications.

### Discussion

We are of the opinion that the so-called appearance is defective and does not comply with the act of assembly, not because plaintiff appears in propria persona but rather because it has failed to give "an address within that county where all papers may be served on him".

Practice in our court is restricted to those persons who have been admitted to this bar, except under the provisions of rule 6, paragraph F, which reads as follows:

"Any attorney who does not maintain his principal office in this county shall, in each proceeding in which he appears, have associate counsel who maintains his principal office in this county, whose appearance and address shall be entered of record by written præcipe, endorsed upon the docket or on papers filed in said proceeding, upon whom all pleadings, motions, notices and other papers may be served. The prothonotary and the clerk of courts are directed to refuse to file any papers offered which do not conform to this rule."

In Hoopes v. Bradshaw, 231 Pa. 485, it was held that a court could adopt a rule relating to service of notices and papers upon nonresident practitioners. Justice Brown said, page 491:

"Another function of the court below, not interfered with by the act, and which it may be well to notice, is

its power to adopt rules relating to the service of notices or papers upon nonresident practitioners. When the act of 1909 is invoked by one who does not intend to reside or establish an office in the county to whose courts he would be admitted, he is not to expect practitioners residing in the county, or having established offices within it, to be subjected to annoyance and inconvenience in the service of rules or notices upon him, and the adoption of a rule as to this continues to be within the power of the court."

And it is no excuse for failure to comply with the rule that counsel were from outside of the county and unfamiliar with the rules of court: Cohen v. Rapaport,

The prothonotary under our rule would be required to refuse to accept a paper from an attorney outside of the county which did not contain an address where papers may be served, and yet plaintiff insists that it complied with the act requiring an address at which papers might be served by simply giving the office of the prothonotary as that address. With this we cannot agree.

The legislature, in language that is clear and free from ambiguity, has in mind the same situation as did our court in adopting the above rule concerning outside attorneys and it has enacted the same requisite. An outside attorney coming here to practice must give a local address at which papers may be served and a litigant bringing a testatum writ of fi. fa. into this county must do likewise. It is not asking more of the litigant than the court is asking of an attorney. A public office is no more compliance in the case of a litigant than it is compliance in the case of an attorney. Both the court and the legislature require that an address be given at which some person will be found with authority to receive papers and process on behalf of the outside attorney or litigant. Were we to condone the practice sought to be invoked by plaintiff, it

would not be long before we would be involved in much confusion and faced with great uncertainty.

The legislature did not in this case, as it did in the Act of May 17, 1929, P. L. 1804, provide that the failure to give the address did not impair the validity of the judgment, and therefore, we feel that we are obliged to strike it off just as the courts have stricken off statements of claim which did not contain an endorsement of the address of plaintiff's attorney under section 9 of the Practice Act of 1915; Coroneos v. Sozio, 23 Schuyl. 261; Humphreyville v. Foultz, 13 D. & C. 528.

Accordingly, we enter the following

### Order

Now, April 29, 1948, the rule to show cause why judgment should not be stricken off is made absolute.